# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MATTHEW STEPHEN AKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-4096-NKL |
| ) | |
| DANIEL K. KNIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Matthew Stephen Akins has sued the City of Columbia and Boone County, Missouri, the Boone County Prosecuting Attorney and assistant prosecutors, and Columbia police officers, for alleged violation of his civil rights in relation to traffic stops, arrests, charges, and other activities. Akins moves for recusal or disqualification of the undersigned, arguing the undersigned lacks authority to preside over this case and has personal biases. [Doc. 15.] The motion is denied.

**I. Discussion**

    **A. Authority of a senior judge**

Akins's primary argument is that the undersigned "lacks the congressional authority to hear this case" because she is a judge in senior status. [Doc. 15, p. 4]. The Eighth Circuit has addressed and rejected this argument, in two cases also involving a challenge to the authority of the undersigned. *See Rodgers v. Knight,* 781 F.3d 932, 943 (8th Cir. 2015); and *Williams v. Decker,* 767 F.3d 734, 743 (8th Cir. 2014), *cert. denied,* 135 S. Ct. 1418 (2015). The Court must therefore reject it.

Akins nevertheless suggests that *Rodgers* and *Williams* can be distinguished, by focusing

on the effect of the appointment of a successor judge once a judge takes senior status, a narrower aspect of the authority issue and one the Eighth Circuit did not explicitly mention in its more general dispatch of the issue in *Rodgers* and *Williams*. The argument is unpersuasive. In *Williams*, the Eighth Circuit explained:

> Williams and Porter also advance the novel argument that the district court judge lacked authority to adjudicate this matter due to her status as a senior district court judge. This contention is without merit. "Senior judges are fully commissioned Article III judges, and the Supreme Court has expressly held that upon assuming senior status, a senior judge 'does not surrender his commission, but continues to act under it.'" *Bank v. Cooper, Paroff, Cooper & Cook,* 356 Fed. Appx. 509, 511 (2d Cir.2009) (summary order) (quoting *Booth v. United States,* 291 U.S. 339, 350–51, 54 S.Ct. 379, 78 L.Ed. 836 (1934)), *cert. denied,* ⸺ U.S. ⸺, 131 S.Ct. 93, 178 L.Ed.2d 28 (2010); *see also Nguyen v. United States,* 539 U.S. 69, 72, 123 S.Ct. 2130, 156 L.Ed.2d 64 (2003) (stating that a senior circuit judge is "of course, [a] life-tenured Article III judge[ ]"); 28 U.S.C. § 371(b)(1) ("Any justice or judge of the United States appointed to hold office during good behavior may retain the office but retire from regular active service....").

767 F.3d at 743.

The Eighth Circuit included citation to *Booth*, in which the Supreme Court addressed a challenge to the authority of a judge, who has retired, to continue to perform official duties:

> The first question asks, in effect, whether a United States Judge, upon retirement, relinquishes or retains his office. The answer is to be found in the act of Congress authorizing retirement.[ ] That act provides for resignation and for retirement. In referring to the former it uses the expression 'When any judge * * * resigns his office * * *,' and provides for continuance of compensation after resignation. In contrast it declares, 'But, instead of resigning, any judge * * * who is qualified to resign under the foregoing provisions, may retire, upon the salary of which he is then in receipt, from regular active service on the bench, * * *' not, be it noted, from office. The retiring judge may be called upon by the senior circuit judge to perform judicial duties in his own circuit or by the Chief Justice to perform them in another circuit, and be authorized to perform such as he may be willing to undertake. …

2

291 U.S. at 349-50.  The Supreme Court held that a judge who retires does not relinquish office, but simply retires from regular, active service:

> [I]t is common knowledge that retired judges have, in fact, discharged a large measure of the duties which would be incumbent on them, if still in regular active service…. [A retired judge] does not surrender his commission, but continues to act under it.  He loses his seniority in office, but that fact, in itself, attests that he remains in office.  <u>A retired District Judge need not be assigned to sit in his own district.</u> [*Maxwell v. United States*, 3 F.2d 906 (4th Cir. 1925), *aff'd* 271 U.S. 647.]  And if a retired judge is called upon by the Chief Justice or a Senior Circuit Judge to sit in another district or circuit, and he responds and serves there, his status is the same as that of any active judge, so called.  [*McDonough v. United States*, 1 F.2d 147 (9th Cir. 1924).]  It is impossible that this should be true, and that at the same time the judge should hold no office under the United States.

*Id.* at 350-51 (emphasis added).

If, as Akins argues, 28 U.S.C. § 294, *Assignment of Retired Justices or Judges to Active Duty*, means a judge who has taken senior status must be designated and assigned by the chief judge or judicial council of his circuit to perform duties in the circuit in which he was originally appointed, before such judge may perform any duties, [Doc. 15, p. 7], it is a sea change the Eighth Circuit neither expressed nor signaled in *Williams*, and in fact is unlikely to have embraced given its citation to *Booth*.  Furthermore, it is as well within the "common knowledge" today as it was when *Booth* was decided that "retired judges…discharge[] a large measure of the duties which would be incumbent on them, if still in regular active service."  291 U.S. at 350.  Akins cites no decision addressing his successor judge argument, and the undersigned is aware of none.

In view of the above, Akins' related arguments—that the claimed lack of authority creates "an inherent conflict of interest" related to "removal from office," and "pecuniary"

3

conflict of "interests in retaining [the] judicial office and the power and privilege associated with it," [Doc. 15, p. 9]—therefore fail as well.

B.  **Alleged personal biases**

The circumstances in which a district court judge is disqualified from hearing a case are set out in 28 U.S.C. § 455. Section 455(a) provides that a judge shall disqualify herself in any proceeding in which her "impartiality might reasonably be questioned[.]" An "objective standard of reasonableness" applies in deciding a motion to disqualify. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). "This objective standard is not a test of whether the judge, or a party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Id*.

Section 455(b) lists specific circumstances in which recusal is required, including when a judge has "personal bias or prejudice concerning a party" or knows she "has a financial interest in the subject matter in controversy." § 455(b)(1) and (b)(4). In assessing this type of claim, a court considers only the legal sufficiency of the claim, not its factual merit. *Souder v. Owens–Corning Fiberglas Corp.,* 939 F.2d 647, 653 (8th Cir. 1991). Nonetheless, to succeed on a personal bias claim, the moving party must "'allege specific facts and not mere conclusions or generalities.'" *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970) (internal citation and quotation omitted).

"Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation and citation omitted). In other words, the moving party "carries a heavy burden of proof." *Fletcher v. Conoco Pipeline Co.,* 323 F.3d 661, 664 (internal quotation and citation omitted). Further, the mere filing of a motion to recuse or disqualify does

4

not automatically require a trial judge to recuse.  *See Hayes v. Nat'l Football League,* 463 F. Supp. 1174, 1180 (C.D. Cal. 1979) (if automatic disqualification was required upon the filing of a request for disqualification or recusal, "the floodgates would be open to 'judge-shopping'"). The movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996).

For the reasons discussed below, Akins' arguments are rejected.

### 1. Judicial complaint in unrelated litigation

Akins claims the undersigned has personal biases against his counsel, because his counsel previously filed a judicial complaint against the undersigned in unrelated litigation. The identical argument was made by his counsel on behalf of the plaintiffs in *Rodgers*. Rejecting the argument on appeal, the Eighth Circuit held:

> That the Rodgerses' counsel filed a judicial complaint against the district judge in previous, unrelated litigation is insufficient to establish that the judge's impartiality in this matter might reasonably be questioned.

781 F.3d at 943.  *See also United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (matters that will not ordinarily require recusal under § 455 include "baseless personal attacks on or suits against the judge by a party") (and cases collected therein). Akins raises nothing new to demonstrate the Court's partiality might reasonably be questioned in regard to the judicial complaint related to *Coates.*

### 2. Proceedings in prior cases

Akins argues that bias against his counsel and in favor of the City of Columbia is demonstrated because in a prior case, the undersigned denied his counsel's request for a trial continuance, and in a different prior case, ordered that his counsel could not depose a particular

5

witness.  But adverse rulings do not constitute a basis for recusal without a clear showing of bias or partiality.  *Fletcher*, 323 F.3d at 665-66.  *See also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (alleged personal bias must "stem from an extrajudicial source," not from "the judge's view of the law").  That counsel believes his requests were appropriate and believes they should have been granted demonstrates the good faith basis any counsel should have for requesting relief from a court.  Counsel's belief does not constitute a clear showing of bias or partiality.

Akins' counsel also points to the undersigned's discussion with the *Coates* parties of the status of settlement negotiations, and he takes issue with the undersigned's alleged endorsement of the merit of the defendants' proposal.  Without parsing Akins' characterization of the discussion, it is sufficient to note that demonstrating a judge's familiarity with the defendants, the type of claims at issue, and how a jury may respond, does not make the required clear showing of bias or partiality.  *See United States v. Holland,* 519 F.3d 909, 914 (9th Cir. 2008) ("mere familiarity with the defendant(s) or the type of charge" at issue is not sufficient to demonstrate bias).

### 3.  Prior service as a City of Columbia municipal judge

Akins argues that bias in favor of the City of Columbia is demonstrated because the undersigned previously served as a City of Columbia municipal judge.  The *Rodgers* plaintiffs made the identical argument concerning the undersigned, and the Eighth Circuit rejected it:

> That the judge formerly served as a municipal judge in Columbia likewise raises no reasonable question about appearance of impartiality, and there is no evidence of bias.

781 F.3d at 943.

#### 4. Judge's city and county of residence, and taxpayer status

Akins argues recusal is required because the undersigned is a longtime resident and taxpayer of the City of Columbia and Boone County, Missouri, and a substantial verdict could impact these two political subdivisions. The argument is merely speculative, and speculation does not establish bias. *See Sensley v. Albritton,* 385 F.3d 951, 600 (5th Cir. 2004) ("where an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality"); *In re Puget Sound Power & Light Co.,* 18 F.2d 57 (9th Cir. 1927) (judge not disqualified under predecessor to 28 U.S.C. § 455 simply because he was a taxpayer of the defendant city). Nor does the argument invoke the financial interest provision of § 455(b)(4). "Financial interest" includes, as relevant to Akins' motion, "ownership of a legal or equitable interest, however small, or a relationship as a director, adviser, or other active participant in the affairs of a party[.]" § 455(d)(4).

#### 5. Judge's spouse

Finally, Akins raises a new argument for recusal in his reply suggestions: that the undersigned's spouse, Christopher Kelly, has recently been appointed by the Columbia City Council to lead a task force on infrastructure development, and is a lobbyist who is registered with the Missouri Ethics Commission. [Doc. 19, p. 4.] An argument raised for the first time in reply may properly be denied, inasmuch as the opposing party has not had the opportunity to respond to it. But the undersigned will address it, inasmuch as it is likely the argument would be raised again, and is being denied, for the reasons discussed below.

"[W]here an interest is not direct, but is remote, contingent or speculative, it is not the kind of interest which reasonably brings into question a judge's partiality." *Sensley*, 385 F.3d at 600 (internal quotation and citation omitted). In *Moran v. Clarke*, 296 F.3d 638 (8th Cir. 2002),

7

one of the defendant board members was the social acquaintance of the judge. The Eighth Circuit remanded the case to the district court to consider recusal under § 455(a) because "[t]he image of one sitting in judgment over a friend's affairs would likely cause the average person in the street to pause." *Id*. at 649. In *Matter of Hatcher*, 150 F.3d 631 (7th Cir. 1998), the Seventh Circuit held that recusal was warranted in order to avoid the appearance of partiality where the judge's son, as a third-year law student, had assisted in an earlier prosecution of a member of same gang as the defendant. The court emphasized that this was "the rare case where the earlier proceedings were so close to the case now before the judge that recusal under § 455(a) was the only permissible option," because "the indictments charged virtually the same offenses, committed by the same people," and the defendant in the son's case was the unindicted co-conspirator in the judge's case and vice versa. *Id*. at 638.

The case now before the Court differs from both *Moran* and *Hatcher* because Mr. Kelly has no direct interest in the proceedings. Unlike the friend in *Moran* and the family member in *Hatcher*, he is not a party, or associated with counsel for a party, in this case. And this case is not about infrastructure or lobbying. Thus, Akins raises no more than a remote, contingent, or speculative interest. There is no interest Mr. Kelly could have in the outcome of this litigation.

Rather, this situation bears more similarity to cases in which courts have found recusal not required, even though there existed a connection between the friend or family member and one of the parties in the case. For instance, in *Sensley*, the judge's wife was an at-will employee in the District Attorney's office, and so, the plaintiff argued, the judge and his wife had an incentive to ensure the DA's success. 385 F.3d at 599-600. The Fifth Circuit held that the judge was not required to recuse himself under § 455(a) or (b) because there was "no evidence of any

8

direct connection" between the judge and the case and the judge had "no direct financial interest in the outcome of the case." *Id*. at 599. The same can be said here.

Similarly, in *United States v. Ibarra-Castaneda*, 396 F. Supp. 2d 1004 (N.D. Iowa 2005), the judge's spouse held stock in the bank that served as mortgagee for the defendants' residences and commercial lender of loans guaranteed by the defendants. The district court determined that recusal based on the appearance of partiality was not required because the bank was not a party to the proceeding and was only implicated to the extent that the defendants' sentencing might have collateral consequences on the bank's financial interests. *Id*. at 1007. *See also United States v. Vazquez-Botet*, 453 F. Supp. 2d 362, 373 (D.P.R. 2006) (recusal for partiality was not required where judge's wife had previously represented two potential government witnesses, one of them in the same case, but where neither potential witness was a party, representation had ended before indictments and before the case was assigned to the judge, and the wife had never appeared in the case); *In re Drexel Burnham Lambert*, 861 F.2d at 1314 (recusal for appearance of partiality was not required where the judge's wife had an interest in the sale of a business in which defendant was to act as "best efforts" underwriter or "placement agent" of the debt to be issued); *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 353 F. Supp. 2d 1160, 1177 (D. Utah 2005) (recusal was not required in a case involving the ownership of a newspaper, where the judge had expressed gratitude to a senator for supporting his nomination, and the senator had supported the sale of the newspaper).

In these cases, the connection between the friend or family member and one of the parties, although tenuous, was still more direct than it is in the instant case, yet recusal was not required in these cases. Nor is it required here.

## III. Conclusion

Plaintiff Akins' motion to recuse or disqualify [Doc. 15] is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 9, 2015  
Jefferson City, Missouri