IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW STEPHEN AKINS | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-4096NKL |
| DANIEL K. KNIGHT, et al., | ) |
| Defendants. | ) |

**ORDER**

Defendants Knight, Berry, Nelson, and Boone County, Missouri move to dismiss, or in the alternative, to strike. [Doc. 13]. The motion to dismiss is granted.

**I.     Background[1]**

Plaintiff Matthew Akins claims Defendants Knight, Berry, Nelson, and Boone County (the County Defendants) maliciously prosecuted him and violated his rights as guaranteed by the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments. Akins also claims that the County Defendants violated his Constitutional right to privacy and property, his Second Amendment rights, and his right to due process by retaining a firearm subsequent to an arrest.

The claims stem from Akins' May 9, 2010 stop at a DWI checkpoint by the Columbia Police Department and arrest for possession of a firearm by a felon. The firearm was seized by the police. Defendant Berry, an Assistant Prosecutor for Boone County, filed a criminal charge against Akins for the unlawful use of a weapon. In November 2010, the charge was dismissed by

---

[1] The facts are taken from the Amended Complaint. [Doc. 4.] For purposes of ruling on the motion to dismiss, the allegations are accepted as true, and construed liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008).

the prosecutor. Akins at some time asked Defendant Knight, the Boone County Prosecuting Attorney, to return the firearm. Despite Akins' repeated requests, the gun was not returned to him until April 15, 2013.

In the meantime, on September 11, 2012, Akins was arrested for the felony of unlawful use of a weapon and the misdemeanor offense of unlawful possession of a prohibited weapon. Based upon a probable cause statement prepared by the arresting officer, Defendant Nelson, an Assistant Prosecutor for Boone County, filed a complaint against Akins. This complaint was eventually dismissed.

Akins also alleges that the "defendants combined and acted in concert by way of an agreement to inflict wrongs against/injuries upon the plaintiff," and "[t]heir agreement also included the covering up of their acts of police abuse described herein." [Doc. 4, ¶ 100a.]

## II. Discussion

The County Defendants argue that dismissal is appropriate because prosecutorial and absolute immunity apply, and Akins otherwise fails to state a claim.

### A. Immunity

Prosecutors are absolutely immune from civil lawsuits for actions taken in their role as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The Supreme Court has recognized that this immunity would leave genuinely wronged defendants without a civil remedy, but the cost is outweighed by the public interest in allowing prosecutors to freely perform their essential duty without fear of retaliation. *Id.* at 427-28. This absolute immunity extends to all acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or trial. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Accordingly, it applies to decisions to file charges, and about the handling of evidence, including the retention of evidence. *Rodgers v. Knight,* 781 F.3d

2

932, 939 and 945 (8th Cir. 2015).

Here, the decision to file charges against Akins was certainly within the duty of a prosecutor. Yet Akins contends that absolute immunity for prosecutors does not extend to the decision to bring an indictment without probable cause. He cites *Bordenkircher v. Hayes,* in which the Supreme Court stated that "so long as the prosecutor has probable cause," the decision to prosecute is "entirely in his discretion." 424 U.S. 357, 364 (1978). Akins appears to suggest that the Supreme Court would therefore conclude discretion should not be given to a prosecutor who *lacks* probable cause, and the prosecutor would therefore not be entitled to absolute immunity. But the Supreme Court subsequently made clear that "a prosecutor would be entitled to absolute immunity for the malicious prosecution of someone whom he lacked probable cause to indict." *Buckley*, 509 U.S. at 274 n.5.

Akins also argues that prosecutors are not entitled to absolute immunity when they file charges to retaliate against an individual for exercising his First Amendment rights, citing *Hartman v. Moore*, 547 U.S. 250 (2006). There, the Supreme Court held that "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Id.* at 256. *Hartman* was a *Bivens* action for retaliatory prosecution, brought against United States Postal Service inspectors for launching a criminal investigation against the plaintiff and pressuring the United States Attorney's Office to have him indicted. *Id.* at 254. The quoted portion of the opinion does not apply to prosecutors. In fact, the plaintiff in *Hartman* originally sued the prosecutors who had allegedly filed charges against him in retaliation for speaking out, but these claims were dismissed because the prosecutors were entitled to absolute immunity. *Id.* at 254-255. The Supreme Court expressly concluded that "[a] *Bivens* (or § 1983) action for retaliatory prosecution will not be brought

3

against the prosecutor, who is absolutely immune from liability for the decision to prosecute." *Id.* at 261-62 (citation omitted).

Akins further argues that the County Defendants violated his Second Amendment rights by retaining his firearm after his May 9, 2010 arrest. Although Akins does not allege that any particular Defendant made the decision to retain the firearm, the decision to retain it for possible use in future court proceedings falls within the scope of absolute immunity. *See Thompson v. Walbran*, 990 F.2d 403, 404-05 (8th Cir. 1993) (concluding that defendant was entitled to absolute prosecutorial immunity for decision to retain evidence for use at possible future trial); *State v. Keightly,* 147 S.W.3d 179, 184 (Mo. Ct. App. 2004) (the filing of a nolle prosequi leaves open the possibility that the prosecutor could re-file charges).

Berry and Nelson are therefore protected by absolute prosecutorial immunity for filing charges against Akins and retaining his firearm.

Akins does not allege that Defendant Knight had any direct connection with any of the charges filed against Akins, other than by virtue of his position as County Prosecutor. The only mention of Knight's involvement with Akins is an allegation that Akins made a request to Knight for the return of his pistol. But any decision to retain the firearm would have been a prosecutorial decision to retain evidence in anticipation of possibly refiling charges. Therefore, Knight is also entitled to absolute immunity on any such claim.

### B.     Municipal liability

A county government cannot be held vicariously liable under 42 U.S.C. § 1983 for its agents' acts. *Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (*citing Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978)). Municipal liability under § 1983 requires a plaintiff to identify an official policy or custom that caused his injury, or failure to train or supervise on

4

Case 2:15-cv-04096-NKL   Document 37   Filed 08/18/15   Page 4 of 5

the part of the governmental entity. *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997), and *McCoy v. City of Monticello.*, 411 F.3d 920, 922 (8th Cir. 2005). Either route to liability requires an underlying Constitutional violation. *McVay v. Sisters of Mercy Health Sys.*, 399 F.3d 904, 909 (8th Cir. 2005).

As discussed above, no underlying Constitutional violations are attributable to Berry, Nelson, or Knight. Therefore, liability cannot extend to Boone County under § 1983.

### C. Conspiracy

Akins' conspiracy claim also fails because Akins can establish no underlying constitutional violation. Prosecutors are absolutely immune from a claim of civil conspiracy "when [their] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis County, Missouri,* 447 F.3d 569, 580 (8th Cir. 2006) (citations omitted); *see also Novotny v. Tripp County, S.D.,* 664 F.3d 1173, 1180 (8th Cir. 2011).

### III. Conclusion

Defendants Knight, Berry, Nelson, and Boone County, Missouri's motion to dismiss is granted, and Plaintiff Akins' claims against them are dismissed with prejudice. The Defendants' motion in the alternative to strike is denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  August 18, 2015
Jefferson City, Missouri