IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW STEPHEN AKINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-4096-NKL |
| | ) |
| DANIEL K. KNIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants Kenneth Burton, Rob Sanders, Roger Schulde, Eric Hughes, Michael Palmer, and City of Columbia move to strike portions of the Amended Complaint relating to persons who are not parties, or in the alternative, for judgment on the pleadings. [Doc. 31]. The motion to strike is granted, and the alternative request for judgment on the pleadings is denied.

**I.     Background[1]**

Plaintiff Matthew Akins claims the City of Columbia, Chief of Police Burton, and police officers Sanders, Schulde, Hughes, and Palmer (the City Defendants), violated his rights under the First, Second, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments, between May 2010 and September 2012 when they subjected him to traffic stops and detentions, and seized items of his personal property. [Doc. 4, pp. 2-30, ¶¶ 20, 22-26, 28, 30-32, 35, and 84.]

Additionally, the Amended Complaint includes allegations identifying four persons who are not parties in this case—Gregory Allan Rodgers, Robert Dewayne Franklin, Raymond

---

[1] The facts are taken from the Amended Complaint. [Doc. 4.] For purposes of ruling on the motion to dismiss, the allegations are accepted as true, and construed liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008).

D'Sean Franklin, and Dr. Allan Rodgers—and describing incidents in which their constitutional rights were allegedly violated by the City of Columbia and Chief Burton, as well as Boone County, prosecutors, and other police officers. The Amended Complaint describes allegedly unlawful arrests, seizure and retention of firearms, and prosecutions involving the Rodgerses and Franklins occurring at various from 2008 to 2012, and the alleged assault of Gregory Rodgers by Officer Mark Brotemarkle in January 2011 in connection with a traffic stop. [Doc. 4, pp. 2-4 and 17-31, ¶¶ 2-5, 42-79, 81-83, and 85.] Akins does not allege that he was involved in any of alleged incidents involving the Rodgerses and Franklins.

Akins further alleges:

> 92. Defendant City of Columbia, either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the Constitutional rights of Matthew Stephen Akins and numerous other citizens including Gregory Allan Rodgers and/or Allan Rodgers and/or Robert Franklin and/or Raymond Franklin.
>
> 93. Defendant City of Columbia, either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the Constitutional rights of Plaintiff Matthew Stephen Akins, and Robert Franklin and/or Raymond D'Sean Franklin, Gregory Rodgers and/or Dr. Allan Rodgers and/or Dr. Christopher Lee and numerous other similarly situated citizens.

[*Id.*, pp.32-33.]

## II. Discussion

The City Defendants argue that the allegations concerning the Rodgerses and Franklins are immaterial, impertinent, and prejudicial, and therefore should be stricken under Federal Rule of Civil Procedure 12(f).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"

2

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527-28 (9th Cir. 1993) (quotation and citation omitted), *rev'd,* 510 U.S. 517 (1994).  A court has liberal discretion under Rule 12(f) to strike redundant, immaterial, impertinent, or scandalous matter from a pleading, and an order granting a motion to strike is reviewed for abuse of that discretion.  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted)).  Despite this broad discretion, such motions are generally "viewed with disfavor and … infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation and citation omitted).

Generally, striking challenged allegations is considered appropriate when, among other reasons, the allegations "have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."  5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1382 (3d. ed.), Westlaw (database updated April 2015).  *See also Benham v. Am. Servicing Co.*, 2009 WL 4456386, at *1 (N.D. Cal. Nov. 30, 2009) (action for damages relating to a residential mortgage loan transaction over the residential property; allegations concerning general lending practices prior to 1998 stricken as immaterial); *Schultz v. Braga,* 290 F.Supp.2d 637, 654-55 (D.C. Md. 2003) (occupants of vehicle who were mistakenly seized by FBI agents in attempt to arrest a suspected bank robber brought *Bivens* action against agents; allegations about prior shooting incident by one of the FBI agents were irrelevant and prejudicial to agent's reputation, and so were stricken).  As discussed below, the allegations concerning the Rodgerses and Franklins would significantly prejudice the City Defendants and confuse the jury.  Therefore, the allegations concerning the Rodgerses and Franklins will be stricken.

With the exception of the alleged assault of Gregory Rodgers by Officer Mark Brotemarkle in January 2011 described in Akins' Amended Complaint, all of the allegations

concerning the Rodgerses and Franklins were the subject of previous civil rights lawsuits filed by them.  *Rodgers v. Knight,* 2:13-cv-4033-NKL (W.D. Mo.), and *Franklin v. Knight,* 2:13-cv-4171-NKL (W.D. Mo.).  This Court entered summary judgment against the plaintiffs in both of those cases, and the Eighth Circuit Court of Appeals affirmed in *Rodgers v. Knight,* 781 F.3d 932 (8th Cir. 2015).[2]  The Eighth Circuit held, among other things, that the police officers had qualified immunity; had a reasonable basis for the seizure and retention of certain firearms; did not violate the Rodgerses' Second Amendment rights by seizing and retaining the firearms; did not violate Greg Rodgers' First Amendment rights by arresting him in alleged retaliation for speaking out; had probable cause to arrest Raymond Franklin; lawfully seized firearms from Robert Franklin's home and retained them; did not violate Robert Franklin's First Amendment rights by arresting him when he refused consent to search his home; and did not violate Raymond Franklin's right to equal protection.  The Eighth Circuit also held the City of Columbia was not liable for an alleged failure to train regarding the reciprocity afforded other states' permits to carry concealed weapons.

A municipality may be liable under § 1983 where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Svs.,* 436 U.S. 658, 691 (1978). There can also be municipal liability if there is a custom or practice of constitutional violations. But Akins pleads no express policy that allegedly violated his rights and to the extent he relies on custom, pattern and practice, or failure to train, the allegations relating to the Rodgerses and Franklins do not support his claim.  It has been conclusively found in previous litigation that neither the City nor any City employee violated any constitutional right alleged.

Furthermore, Atkins does not claim the five individual City Defendants in the present

---

[2]  The Eighth Circuit consolidated the two appeals.

case—police officers Hughes, Sanders, Schulde, and Palmer, and Chief of Police Burton—participated in the Rodgers and Franklin incidents. The Rodgers and Franklin incidents are therefore immaterial with respect to the five. Permitting allegations of other officers' conduct with respect to Akins would unnecessarily complicate the case, confuse the jury with respect to Akins' claims against the five individual City Defendants, and cause undue prejudice.

Finally, it would take substantial time and expense to perform discovery regarding the Rogers and Franklins allegations should they not be stricken, and such discovery would serve no purpose. Striking the allegations will streamline the case and conserve judicial resources.

## III. Conclusion

Defendants Kenneth Burton, Rob Sanders, Roger Schulde, Eric Hughes, Michael Palmer, and City of Columbia's motion to strike or in the alternative for judgment on the pleadings [Doc. 31] is granted in part and denied in part. Paragraphs 2-5, 42-79, 81-83, and 85 of the Amended Complaint are stricken, and the portions of paragraphs 92 and 93 of the Amended Complaint relating to Gregory Rodgers, Allan Rodgers, Robert Franklin, and Raymond Franklin are stricken. The remainder of the motion is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 12, 2015
Jefferson City, Missouri