IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MATTHEW STEPHEN AKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-4096-NKL |
| DANIEL K. KNIGHT, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff Matthew Stephen Akins' "2d Request for the Court to Recuse, and/or in the Alternative to a Motion to Disqualify the Judge for Bias, and/or in the Alternative for Lack of Congressional Commission to Preside Over an Article III Court" [Doc. 46] is denied.

### I. Discussion

#### A. Previously rejected arguments

Akins requests that the undersigned recuse or be disqualified from hearing this case on several grounds. Most of the grounds are the same as the ones he relied on in his first motion to recuse or disqualify, filed June 23, 2015: lack of congressional authority of judges who have senior status; personal bias against his counsel and in favor of the City of Columbia, based on counsel's filing of a prior judicial complaint, and the undersigned's handling of cases against the City of Columbia brought by Allan Rodgers, Gregory Rodgers, and Crystal Coates; the undersigned's prior service as a municipal judge; the undersigned's place of residence and taxpayer status; and lobbyist activities of the undersigned's spouse. [*See* Doc. 15, and Doc. 46, pp. 1-6, ¶¶ 2-4, and 8-15.] The Court addressed and rejected each of these grounds in its Order of July 9, 2015, in which it denied Akins' first motion to recuse or disqualify. [Doc. 26.] The Court rejects those grounds again with respect to Akins' present motion, for the same reasons stated in its Order of July 9, 2015, and incorporates that prior analysis by reference.

## B. New arguments

Akins adds a few new grounds to his present motion. They are addressed in turn below, and all fail.

The circumstances in which a district court judge is disqualified from hearing a case are set out in 28 U.S.C. § 455. Section 455(a) provides that a judge shall disqualify herself in any proceeding in which her "impartiality might reasonably be questioned[.]" An "objective standard of reasonableness" applies in deciding a motion to disqualify. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). "This objective standard is not a test of whether the judge, or a party, might believe that a bias existed, but whether the 'average person on the street' would question the impartiality of the judge, under the circumstances." *Id. See also Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (describing §455(a)'s objective standard as providing for "disqualification … only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality"). A court "must ask how these facts would appear to a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id.* (quoting *Sensley v. Albritton,* 385 F.3d 591, 599 (5th Cir. 2004), and citing *In re Sherwin–Williams Co.,* 607 F.3d 474, 478 (7th Cir. 2010)).

Section 455(b) lists specific circumstances in which recusal is required, including when a judge has "personal bias or prejudice concerning a party[.]" § 455(b)(1). In assessing this type of claim, a court considers only the legal sufficiency of the claim, not its factual merit. *Souder v. Owens–Corning Fiberglas Corp.,* 939 F.2d 647, 653 (8th Cir. 1991). Nonetheless, to succeed on a personal bias claim, the moving party must "allege specific facts and not mere conclusions or generalities." *United States v. Anderson,* 433 F.2d 856, 860 (8th Cir. 1970) (internal citation and quotation omitted).

"Because a judge is presumed to be impartial, the party seeking disqualification bears the

substantial burden of proving otherwise." *United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) (internal quotation and citation omitted).

### 1. Adverse rulings in cases filed by Josh Williams and Philip Porter, Jr.

Akins argues that bias in favor of the City of Columbia is demonstrated by this Court's rulings against Josh Williams and Philip Porter, Jr., and in favor of the City, in civil rights cases concerning a seizure and detention. [Doc. 46, p. 3, ¶¶ 6-7.] The existence of a ruling with which a litigant disagrees does not constitute a basis for recusal without a clear showing of bias or partiality. *Fletcher v. Conoco Pipeline, Inc.*, 323 F.3d 661, 665-66 (8th Cir. 2003). An alleged personal bias must "stem from an extrajudicial source," not from "the judge's view of the law[.]" *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Thus, Akins does not and cannot demonstrate bias by pointing to the Court's rulings in the Williams and Porter cases.[1]

### 2. Video report

Akins, "reporting for" and "on behalf of" Citizens for Justice, "filed a two-part video report" about an incident concerning Josh Williams, Philip Porter, and City of Columbia police officers, which formed the basis for a civil rights lawsuit heard by this Court. [Doc. 46, p. 1, ¶ 1; p. 13.] He states the video report is "essential evidence" that he plans to offer at trial because it contributed to Columbia police officers' "retaliatory animus against" him. [*Id.* at p. 1.] He argues jurors will be biased against the video report because it is critical of the Court's ruling in Williams and Porter's cases, and will be confused by the report's reference to the Court and unsure of what evidentiary value to give the report. [Doc. 46, p. 1, ¶ 1.] Therefore, Akins argues, recusal or disqualification is required. The argument fails.

First, Akins cites no authority for the proposition that potential juror confusion constitutes a basis for and requires recusal or disqualification, and the Court is not aware of any.

---

[1] In any event, the Eighth Circuit Court of Appeals affirmed those rulings. *See Williams v. Decker,* 767 F.3d 734 (8th Cir. 2014).

3

In any event, a request for recusal or disqualification cannot be based on speculation. *See In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996) (a movant's "allegations [must] meet the substantial showing necessary to establish a clear and indisputable right to recusal and a nondiscretionary duty on the district judge to disqualify himself"). The Court cannot, at this time, determine whether the report will be admissible at trial, and if so, whether any limiting instruction could or would be given. In other words, Akins' argument about juror confusion fails because it is a based upon speculation as to what may be admitted and how the jury would be instructed.

Also, the existence of a media report that is critical of a court's ruling does not determine whether recusal or disqualification is warranted. *See, e.g., Little Rock Sch. Dist. v. Arkansas State Bd. of Educ.,* 902 F.2d 1289, 1292 (8th Cir. 1990). The non-dispositive nature of such a report is all the more highlighted here, where the party seeking recusal or disqualification prepared the report upon which he relies. "[A] party cannot force a judge to recuse himself or herself merely by launching inflammatory personal attacks on the judge and then claiming that the attacks were so offensive that the judge must be biased." *In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 878-79 (D. Minn. 2012), *aff'd sub nom. Isaacson v. Manty*, 721 F.3d 533 (8th Cir. 2013) (and citations therein). Otherwise, judge-shopping would be encouraged. *Id. See also In re Union Leader Corp.,* 292 F.2d 381, 389 (1st Cir. 1961) (stating that "[a] judge lives in an atmosphere of strife, in which, by nature and experience," the judge is expected to be a person of "fortitude," and finding that the judge, who had been personally attacked in editorials published by the petitioner, was not required to recuse himself).

The video report does not constitute a basis for recusal or disqualification.

### 3. Judge's spouse

Akins states the undersigned's spouse, Mr. Kelly, criticized a citizen who "was promoting a petition calling upon the U.S. Supreme Court to hear the case of Williams v. Decker

4

from the Eighth Circuit in January 2014, based upon the District Court ruling[.]" [Doc. 46, p. 2, ¶ 5.]

Akins does not explain how such a criticism would demonstrate personal bias in this case on the part of the undersigned. Such criticism establishes no interest, as provided in 28 U.S.C.A. § 455(b), in the outcome of this case on the part of Mr. Kelly. As to any views Mr. Kelly may express on a subject that has come before this Court, he is an independent person who need not obtain the undersigned's approval or agreement to speak about whatever subject he chooses. His views are his own. The average person on the street would not reasonably believe the undersigned would approach a case in a partial manner due to Mr. Kelly's independent views regarding a subject, whether those views are publicly expressed or not. *Id.* at § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") *See also Perry v. Schwarzenegger*, 630 F.3d 909, 915-16 (9th Cir. 2011) (the strongly-held beliefs of the judge's wife, who publicly stated her beliefs both individually and in her capacity as Executive Director of the American Civil Liberties Union of Southern California, were her own beliefs, which she held as an independent person, and the judge did not base his rulings on them; appellant's motion to recuse denied). Accordingly, public commentary by the undersigned's spouse does not constitute a basis for recusal or disqualification.

Akins also points to an article dated September 24, 2015, concerning Mr. Kelly's appointment to a City of Columbia task force, and noting, with criticism, the Court's ruling in another case concerning the City of Columbia. The Court addressed the task force issue in its Order of July 9, 2015. [Doc. 26, pp. 7-9.] And as noted above, neither a judge's view of the law, nor the existence of a critical media report, establishes that recusal or disqualification is warranted. *Fletcher*, 323 F.3d at 665-66; *Little Rock Sch. Dist.,* 902 F.2d at 1292. The article does not change the analysis.

5

### 4. Totality of the circumstances

Finally, Akins suggests he is entitled to relief based on the totality of the circumstances:

> Due process requires judicial recusal from ruling on the Akins' 2d Motion to Disqualify. The nature of the motion, the potential consequence to Judge Laughrey. Matt Akins reporting for Citizens for Justice that contains commentary critical of Judge Laughrey's rulings. The involvement of Chris Kelly with the City of Columbia and his effort to dissuade a citizen petition calling for a review of Judge Laughrey's ruling. Judge Laughrey's previous relationship with Columbia as a municipal judge, and the judicial complaint filed against her by Akins' instant counsel combined to create a potential for bias that was too high to be constitutionally tolerable. The right to a fair trial is proclaimed in the Sixth Amendment, allowing Judge Laughrey to hear this case due to her biases will violate Matthew Akins' due process right to a fair trial.

[Doc. 46, p. 13.]

The Court concludes that a reasonable person, knowing all the circumstances, would not question the undersigned's impartiality. *See Pope,* 974 F.2d at 985; *Mathis*, 787 F.3d at 1310. The Court has specifically addressed herein, and in its Order of July 9, 2015, why each of Akins' individual arguments fails. And Akins points to no authority supporting the proposition that combining several insufficient arguments for recusal establishes doubt about a court's impartiality. Akins simply has not born his "substantial burden." *Dehghani,* 550 F.3d at 721.

Akins' final argument therefore fails.

## II. Conclusion

Plaintiff Akins' "2d Request for the Court to Recuse, and/or in the Alternative to a Motion to Disqualify the Judge for Bias, and/or in the Alternative for Lack of Congressional Commission to Preside Over an Article III Court" [Doc. 46] is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 11, 2016
Jefferson City, Missouri